[No. A025361. First Dist., Div. Two. Oct. 23, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE J. CARDOZA, Defendant and Appellant.

[No. A024287. First Dist., Div. Two. Oct. 23, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN HENRY ORTEGA, Defendant and Appellant.

**COUNSEL**

Alan J. Munn, under appointment by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Ronald D. Smetana, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROUSE, J.**—Defendant Eugene Cardoza was charged by information with possession of stolen property (Pen. Code, § 496); sale of marijuana (Health & Saf. Code, § 11360, subd. (a)); and burglary (Pen. Code, § 459).[1] Pursuant to a plea bargain, defendant Cardoza pleaded guilty to the marijuana and burglary charges and the court, following the prosecutor's recommendation, dismissed the stolen property charge and sentenced defendant to three years. He appeals from the judgment of sentence.

Defendant Stephen Ortega was charged by information with attempted escape by an accused felon (§ 4532, subd. (b)) and battery on a peace officer (§§ 242-243). The information also alleged two prior felony convictions. Pursuant to a plea bargain, Ortega pleaded guilty to the attempted escape charge and admitted one prior felony conviction. Following the prosecutor's recommendation, the court dismissed the battery charge and the other alleged prior conviction and imposed a six-year sentence. Defendant appeals from the judgment of sentence.

These two appeals were consolidated because they raise the identical question. The facts relevant to the disposition of both appeals are undisputed and need not be set forth here because the issue raised in both appeals is purely legal. Each defendant claims that his sentence must be reversed because at the time the court accepted his guilty plea and sentenced him according to the prosecutor's plea bargain recommendations, the prosecutor failed to comply with the provisions of section 1192.6, subdivision (c). The subdivision in question provides, in pertinent part, that "When, upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony . . . the prosecuting attorney recommends what punishment the court should impose or how it should exercise any of the powers legally available to it, *the prosecuting attorney shall state the specific reasons for the recommendation in open court, on the record. The reasons for the recommendation shall be transcribed and made part of the court file.*" (Italics added.)

## I.

Plea bargaining has become an accepted practice in American criminal procedure, an integral part of the administration of justice in the United

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

States, and a procedure essential to the expeditious and fair administration of justice. (*People* v. *West* (1970) 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409], citing *Barber* v. *Gladden* (D.Ore. 1963) 220 F.Supp. 308, 314; *People* v. *Williams* (1969) 269 Cal.App.2d 879, 884 [75 Cal.Rptr. 348].) Such acceptance is due to the fact that plea bargains seem to benefit all concerned: the defendant as well as the state and the court. The benefit to the defendant from a lessened punishment does not need elaboration; the benefit to the state lies in the savings in costs of trial, the efficiency of the procedure, and the flexibility of the criminal process. Numerous courts, commissions, and writers have recognized that the plea bargain has become indispensable to the efficient administration of criminal justice. (*People* v. *West, supra,* 3 Cal.3d at p. 604.) Plea negotiation, with bargains duly honored, is a device necessary to administration if a steady flow of guilty pleas is to be maintained. It is generally assumed that the state has an interest in settling criminal cases by means more economical than litigation, and that the vast numbers of guilty pleas accepted each year relieve courts of an otherwise unmanageable burden. (*People* v. *Reynolds* (1984) 154 Cal.App.3d 796, 806 [201 Cal.Rptr. 826], citing Newman, Conviction, The Determination of Guilt or Innocence Without Trial (1966); accord *Blackledge* v. *Allison* (1977) 431 U.S. 63, 71 [52 L.Ed.2d 136, 145, 97 S.Ct. 1621].)

While plea bargaining offers an intelligent and economically necessary solution to the practical problems which arise in the administration of the criminal justice system, plea bargains themselves should not offend the fundamental notions of justice and criminal liability and accountability which underlie that system. Moreover, the practical benefits of plea bargaining should never outweigh the public's interest in the vigorous prosecution of the accused, the imposition of appropriate punishment, and the protection of victims of crimes.

One means by which the public's interest is protected and promoted is legislation which requires public officials to disclose the bases for their actions. For example, in *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193], the California Supreme Court held that a trial court committed reversible error when it dismissed certain counts of an information pursuant to section 1385[2] (which permits such dismissals " 'in

---

[2]At the time *People* v. *Orin, supra,* was decided, section 1385 read: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons [for] the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Stats. 1951, ch. 1674, § 141, p. 3857.) It has since been amended. (See Stats. 1980, ch. 938, § 7, p. 2968.) However, the language requiring disclosure of reasons for dismissal is repeated verbatim in the current version of the statute.

furtherance of justice'") because the court failed to state its reasons for doing so in an order entered in the minutes. (*Id.*, at p. 945.) In so holding, the court noted that the statute required that the *reasons* for the dismissal must be set forth in an order entered upon the minutes. Citing *People* v. *Superior Court* (*Schomer*) (1970) 13 Cal.App.3d 672, 678 [91 Cal.Rptr. 651], and quoting from *People* v. *Winters* (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538], the court stated that the underlying purpose of this statutory requirement is to protect the public interest against improper or corrupt dismissals and to impose a purposeful restraint upon the exercise of judicial power, lest magisterial discretion sweep away the government of laws. (*People* v. *Orin, supra,* 13 Cal.3d 937, 943-944.)

The salutary purpose behind the disclosure requirements of section 1385 is also manifest in subdivision (c) of section 1192.6. Its language is clear and simple.  ▮▮  If the prosecutor has reached a plea bargain with a defendant, he must explain *on the record* the reasons behind any recommendations for particular court action or sentence he makes to the court pursuant to that plea bargain. The People of the state are the intended beneficiaries of this statute.  ▮▮ ▮▮▮▮  In digest memoranda discussing the provisions of the statute (formerly known as Assem. Bill No. 632), both the Democratic and Republican Senate caucuses and the Governor's office explained the reasoning and purpose behind it as follows:[3] "There are a number of proposals before the Legislature to restrict the District Attorney's discretion to negotiate settlements, and there is a great deal of rhetoric about the alleged evils of 'plea bargaining.' However, we are unaware of accepted documentation of abuses serious enough to justify the draconian approach suggested by these measures. Eliminating the ability to negotiate and settle cases without trial would have a tremendous impact on court costs, workloads, and delays that [have] not been adequately considered. [¶] However, AB 632 provides a reasonable and prudent reform by requiring the district attorney to state the reasons for each negotiated settlement on the record. Bringing this process into the open would allow clear review by all concerned and disclose any abuses which may require subsequent corrective legislation. . . ." (Sen. Republican Caucus Memorandum on Assem. Bill No. 632, Sept. 1, 1981.)

The opportunity to scrutinize the conduct of prosecutors that is made possible by the statute is as valuable to the public as that afforded by section 1385. Moreover, the disclosure required in subdivision (c) of section 1192.6

---

[3]Both the People and counsel for defendants attached the same legislative materials as exhibits to their briefs. These materials included Senate Caucus Memoranda and the Governor's Office Bill Report. We may properly take judicial notice of this material. (Evid. Code, § 452, subd. (c); *Post* v. *Prati* (1979) 90 Cal.App.3d 626, 633-634 [153 Cal.Rptr. 511].)

benefits the court as well as the public. ■ Judicial approval is an essential condition precedent to any plea bargain worked out by the defense and the prosecution. (*People* v. *Orin, supra,* 13 Cal.3d 937, 942-943; *People* v. *West, supra,* 3 Cal.3d 595, 607-608; §§ 1192.1, 1192.2, 1192.4, 1192.5.) The disclosure required by subdivision (c) of section 1192.6 enables the court to make a more informed decision as to whether to approve or reject a proposed plea bargain.

■ We conclude that the provisions of subdivision (c) of section 1192.6 are mandatory; hence the imposition of the sentence recommended by the prosecutor in the absence of his statement of the reasons therefor was error. ■ ■■■ The harm from the error caused by the prosecutor's failure to comply with subdivision (c) of section 1192.6 adversely affected the People of this state, who have the statutory right to know why prosecutors, who are their representatives, negotiate particular plea bargains.[4]

## II.

■ Defendant Cardoza also contends that his plea bargain violated section 1192.7, which prohibits plea bargains in cases which involve a charge of a "serious felony . . . unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence."[5] (§ 1192.7, subd. (a).)

In defendant Cardoza's case, the court dismissed one count of possession of stolen property, which carries a maximum possible sentence of one year. (§ 496.) In light of the charges that remained and the maximum sentence possible for the possession charge, we conclude that the dismissal of the

---

[4]Defendant Cardoza asserts that "[i]t is entirely possible that the court would have imposed a lesser sentence than the prosecutor recommended, had the court known the prosecutor's specific reasons. It is entirely possible that a plea bargain more favorable to the defendant would have emerged had the prosecutor been required to state . . . specific reasons in open court, on the record." We do not view section 1192.6, subdivision (c), as a shield for defendants against hard bargaining prosecutors. Its purpose is to prevent the prosecutorial abuse of the plea bargaining procedure, i.e., plea bargains which are *too lenient.* Defendants are protected in plea bargaining because the law prohibits the imposition of punishment in excess of that which was bargained for by a defendant. (§ 1192.1, 1192.2, 1192.5.) Section 1192.5 provides, inter alia, that "the court may not proceed as to [a] plea *other than as specified in the plea.*" (Italics added.) We interpret this language to mean that the court lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree. (*People* v. *Orin, supra,* 13 Cal.3d 937, 942-943.) Therefore, we reject defendant's argument that disclosure by the prosecutor could have resulted in a more favorable plea bargain or sentence.

[5]Section 1192.7, subdivision (c), lists the serious felonies which trigger the applicability of the statute and includes "burglary of a residence." (§ 1192.7, subd. (c)(18).) In the information against defendant Cardoza, he was charged with burglary of an occupied motel room. We agree that such a charge constitutes a serious felony within the meaning of section 1192.7 subdivisions (a) and (c)(18). (Cf. §§ 459 and 460, which define burglary and the degrees of burglary.)

possession charge could not and did not result in a substantial change in the sentence even had the case been tried.[6]

We regret the inconvenience imposed upon all concerned by such action; however, we know of no way to effect compliance with the requirements of subdivision (c) of section 1192.6 other than by remand to the trial court.

■ ■■■ The judgments are affirmed; however, the cases are remanded to the trial court for compliance with the provisions of subdivision (c) of section 1192.6.[7]

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied November 21, 1984, and the opinion and judgment were modified to read as printed above.

---

[6]The language of section 1192.7 expressly prohibits certain plea bargains unless they fall within one of the specified exceptions. While the statute does not require that trial courts make express findings that an exception applies, the absence of such findings makes review of a trial court's compliance with this section difficult because the reviewing court will ordinarily not have a factual record sufficient to determine whether one of the exceptions applies. Consequently, trial courts should indicate the exception upon which they are relying when they approve a plea bargain or dismiss charges pursuant to such a bargain in cases that involve charges of a "serious felony."

[7]While we recognize the benefit to be gained by compliance with section 1192.6, subdivision (c), we believe that this benefit is outweighed by the potentially crushing burden on the trial courts that could occur if all previous cases in which there was an apparently inadvertent noncompliance with this section were suddenly subject to challenge. Where retroactive application of decisions could result in "a pervasive harmful and unwarranted effect on the administration of justice," courts have chosen to give them prospective effect only. (See *People* v. *Hitch* (1974) 12 Cal.3d 641, 654-655 [117 Cal.Rptr. 9, 527 P.2d 361].) Consequently, our decisions in these cases shall be prospective only in their application.