[No. B088802. Second Dist., Div. Seven. Dec. 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL ANTOINE HAMILTON, Defendant and Appellant.

## COUNSEL

Sylvia Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter, Sanjay T. Kumar and James William Bilderback II, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—After a court trial, appellant was found guilty of petty theft with a prior (Pen. Code, § 666. Statutory references, unless otherwise noted, are to the Penal Code) and an alleged serious felony, a "strike" (§ 667, subds. (b)-(i)), was found true. Appellant was sentenced to a four-year state prison term, less one hundred thirty-nine days' custody credits.

Appellant contends: (1) only a conviction suffered on or after March 7, 1994, can be a "strike"; (2) the "three strikes" statute is unconstitutionally vague; and (3) section 667, subdivision (c)(5), which limits custody credits to one-fifth the imprisonment term, denies him equal protection of the law. We find no merit in these contentions and affirm the judgment.

## DISCUSSION

*1. Appellant contends only a conviction suffered on or after March 7, 1994, can be a "strike."[1]*

■ The contention is a familiar one. We join other courts in rejecting it. (*People v. Reed* (1995) 33 Cal.App.4th 1608, 1610-1612 [40 Cal.Rptr.2d 47]; *People v. Anderson* (1995) 35 Cal.App.4th 587, 600-601 [41 Cal.Rptr.2d 474]; *People v. Green* (1995) 36 Cal.App.4th 280, 282-284 [42 Cal.Rptr.2d 249]; *People v. Sipe* (1995) 36 Cal.App.4th 468, 476-479 [42 Cal.Rptr.2d 266]; *People v. Hill* (1995) 37 Cal.App.4th 220 [44 Cal.Rptr.2d 11]; *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302 [44 Cal.Rptr.2d 144].)

---

[1]It is questionable whether appellant may raise this issue on appeal since he not only failed to object in the trial court (*People v. Gonzales* (1986) 188 Cal.App.3d 586, 590 [233 Cal.Rptr. 204]) but bargained for the very sentence he received, a sentence which included his "strike." Since the Attorney General does not question this procedural obstacle, we consider the merits.

## 2. *Appellant contends the three strikes statute is unconstitutionally vague.*[2]

■ Appellant contends the three strikes legislation is vague and fails to give adequate notice of the punishment to be imposed. To support his argument, as did the defendant in *People* v. *Sipe, supra,* 36 Cal.App.4th 468, appellant recites "a catalog of issues to which he claims the statute provides no clear answer. This shotgun approach is the sort of constitutional challenge rejected in *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188 [246 Cal.Rptr. 629, 753 P.2d 585]." (*People* v. *Sipe, supra,* 36 Cal.App.4th at p. 480.)

As applied to appellant, the punishment to be imposed is not vague. "If a defendant has one prior felony conviction that has been pled and proved, the determinate term . . . shall be twice the term otherwise provided as punishment . . . ." (§ 667, subd. (e)(1).) The trial court imposed the two-year midterm for appellant's current conviction (§ 666) and, pursuant to section 667, subdivision (e)(1) (*and* as agreed to by appellant, the district attorney, and the trial court as part of the jury-waiver-sentence-bargain)[3] doubled that term.

---

[2]Appellant not only failed to object in the trial court but *conditioned* his jury waiver upon a maximum sentence of four years, the sentence he received. Although, therefore, it is questionable whether appellant may raise this issue on appeal, since the Attorney General does not question this procedural obstacle, we consider the merits.

[3]Although not raised by the parties, we believe it salutary to make the following observations. Our belief is based upon an apprehension that what occurred here may be but the tip of an iceberg.

As we have indicated, appellant waived his right to be tried by a jury. However, that waiver was part of a bargain. The district attorney and the trial court agreed to the bargain.

Before elaborating upon the bargain and its legal implications, we sketch appellant's background.

Appellant was 29 years old, on parole, unemployed, had been freebasing cocaine for over 10 years at a daily cost he once estimated at $300, had been convicted of theft crimes on 9 separate occasions (and once of trespass), and had served 3 separate state prison terms, twice for grand theft person and once, most recently, for robbery.

The information alleged one serious prior (§ 667, subds. (b)-(i)) and three state prison priors (§ 667.5, subd. (b)). If convicted, with all priors found true, appellant could have been sentenced to a nine-year state prison term.

But as part of a bargain with the district attorney and trial court, appellant limited his state prison sentence to a maximum of four years and, in exchange, waived his right to a jury trial.

To fulfill the bargain, immediately before sentence, two state prison priors were dismissed and the third was "stayed."

Despite the mandates of sections 1192.6, subdivisions (b) ("In each felony case in which the prosecuting attorney seeks a dismissal of a charge in the complaint, indictment, or information, he or she shall state the specific reasons for the dismissal in open court, on the record") and (c) ("When, upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, whether or not that plea is entered pursuant to Section 1192.5, the prosecuting attorney recommends what punishment the court should impose or how it should

The contention is without merit.

3. *Appellant contends section 667, subdivision (c)(5), which limits custody credits to one-fifth the imprisonment term, denies him equal protection of the law.*

■ Equal protection requires that like defendants be treated alike; a state's classification of crimes and punishments must be reasonable. (See *In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].)

Appellant contends he is denied equal protection because had he "committed a murder instead of robbery, he would be able to earn credits in an amount up to one-third of his term." Appellant states, "persons convicted of murder—including persons with priors, even 'strike' priors—may receive credits equal to one-third of their sentences, under section 2931."

What appellant neglects to state is that section 2931, subdivision (d)[4] restricts this "one-third" credits opportunity to persons who committed their crimes no later than *January 1, 1983.* Accordingly, if instead of committing theft on July 19, 1994, (the date of the instant crime) he had committed murder, state prison custody credits would have been limited to one-fifth the imprisonment term. (§§ 667, subd. (c)(5); 2931, subd. (d).)

Appellant also relies upon *In re Diaz* (1993) 13 Cal.App.4th 1755 [17 Cal.Rptr.2d 395] but neglects to cite *People* v. *Jenkins* (1995) 10 Cal.4th 234

---

exercise any of the powers legally available to it, the prosecuting attorney shall state the specific reasons for the recommendation in open court, on the record. The reasons for the recommendation shall be transcribed and made part of the court file") and section 1385 ("the reasons for the dismissal must be set forth in an order entered upon the minutes"), no reason for the bargain or dismissals was given or recorded.

The purpose of these statutes requiring a specification and recordation of reasons is to prevent prosecutorial and judicial plea bargain abuse, to prevent "plea bargains which are *too* lenient." (*People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 45, fn. 4; [207 Cal.Rptr. 388] *People* v. *Gonzales, supra,* 188 Cal.App.3d 586, 590; *People* v. *Orin* (1975) 13 Cal.3d 937, 943-946 [120 Cal.Rptr. 65, 533 P.2d 193].) An additional purpose is to avoid public suspicion and distrust from practices which are " 'secret and under cover.' " (*People* v. *West* (1970) 3 Cal.3d 595, 609 [91 Cal.Rptr. 385, 477 P.2d 409].)

Such public distrust is manifested by legislative prohibitions against plea bargaining (§§ 667, subd. (g); 1192.7).

We do not imply the instant jury-waiver-sentence-bargain was unjustified. We do state that failure *to express* a justification in open court, on the record, disserves the administration of justice.

[4]The subdivision reads: "This section shall not apply to any person whose crime was committed on or after January 1, 1983."

[40 Cal.Rptr.2d 903, 893 P.2d 1224], filed three weeks before appellant's opening brief and almost five months before his reply brief, which expressly disapproved *Diaz*. (*People* v. *Jenkins*, *supra*, 10 Cal.4th at p. 248, fn. 8.)

We join other courts in rejecting this equal protection contention. (*People* v. *Sipe*, *supra*, 36 Cal.App.4th 468, 483-484; *People* v. *McCain* (1995) 36 Cal.App.4th 817, 819-822 [42 Cal.Rptr.2d 779].)

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme court was denied March 14, 1996. Mosk, J., was of the opinion that the petition should be granted.