Filed 9/22/16  P. v. Tate CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>LEROY TATE,<br><br>    Defendant and Appellant. | F072164<br><br>(Kings Super. Ct. No. 8604)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

In 1987, defendant/appellant Leroy Tate pled guilty to one count of first degree burglary, a violation of Penal Code[1] section 459.  In 2015, defendant filed a petition

---

* Before Poochigian, Acting P.J., Peña, J. and Smith, J.

[1] References to code sections are to the Penal Code unless otherwise specified.

pursuant to section 1170.18, seeking to reclassify the conviction as a misdemeanor. The trial court denied the petition on the grounds a conviction for violating section 459 is not eligible for reclassification under section 1170.18. Defendant appealed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On May 13, 1987, defendant entered a plea of guilty to one count of first degree burglary, a violation of section 459. The trial court asked defense counsel if he had "gone over the case carefully" with defendant, to which defense counsel responded affirmatively.

When the trial court asked about the factual basis for the plea, defense counsel stated, "[I]t's my understanding that [defendant] did not actually enter; he assisted other people that did." The trial court asked defendant directly, "[D]id you assist other people who were burglarizing that house?" Defendant responded, "Yes, I did."

The trial court also asked defense counsel if he concurred with the plea, and defense counsel stated, "Yes, your Honor." The trial court found a factual basis for the plea; that defendant had made a knowing, intelligent, and voluntary waiver of his rights and accepted the guilty plea. Defendant was sentenced on June 10, 1987, to the mid-term of four years for this offense.

On April 8, 2015, defendant filed a petition for reduction of the offense to a misdemeanor. The petition specifically stated that defendant is seeking reduction of a "P.C. 459A first degree burglary" conviction for which he was sentenced to a term of four years in 1987. Defendant had completed his sentence for the offense by the time the petition was filed. A certified copy of the abstract of judgment for this conviction was apparently attached to the petition. No other documents were attached to or filed in support of the petition.

The People filed a response to the petition on May 22, 2015, stating the petition should be denied because the conviction was not for an offense that was subject to resentencing or reclassification.

The trial court denied the petition on July 7, 2015. The order denying the petition stated the petition is denied because a first degree burglary conviction, a violation of section 459, is not eligible for reclassification under section 1170.18. Apparently no hearing was held, and the record does not contain any request for a hearing from defendant. (§ 1170.18, subd. (h).)

Defendant appealed from the denial of his section 1170.18 petition on August 19, 2015.

## DISCUSSION

Appellate counsel was appointed October 1, 2015. On November 24, 2015, appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d at p. 436. On November 25, 2015, this court issued its letter inviting defendant to submit supplemental briefing.

On December 3, 2015, defendant submitted a supplemental brief, alleging that it is "prohitbited [*sic*], absolutely – forbidden" and "illegal" to plea bargain in serious felony cases. Consequently, he contends the 1987 conviction was "illegally obtain[ed]."

As for defendant's contention that plea bargains in serious felony cases are against the law, he is mistaken. Section 1192.5, added in 1970, and section 1192.6, added in 1981, specifically contemplate plea agreements in felony cases. (§ 1192.5, Stats. 170, ch. 1123, p. 1992, § 3; § 1192.6, Stats. 1981, ch. 759, § 1.) Both these sections were added to the Penal Code long before defendant's 1987 plea. Furthermore, this court, in *People v. Gonzales* (1986) 188 Cal.App.3d 586, noted that any prohibition on plea bargains in felony cases was designed to "protect the public and not defendants." (*Id.* at p. 590.)

3.

To the extent defendant's supplemental brief can be construed as challenging the validity of his 1987 first degree burglary conviction because the transcript of the plea hearing discloses that he did not actually enter the residence being burglarized, his contention fails. Defendant admitted assisting the actual perpetrator during the commission of the burglary. Therefore, he is guilty of the offense as an aider and abettor; the same liability attaches whether he is the direct perpetrator or an aider and abettor. (*People v. Montoya* (1994) 7 Cal.4th 1027, 1038–1039.)

Moreover, defendant bears the burden of proof when collaterally attacking a conviction. (*In re Avena* (1996) 12 Cal.4th 694, 710.) Even if we were to assume, arguendo, a section 1170.18 petition is an appropriate vehicle for a collateral attack on a prior conviction, defendant has not met his burden of proof of demonstrating a legal deficiency in the 1987 conviction.

Finally, Proposition 47 was enacted on November 4, 2014, and became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 renders certain drug- and theft-related offenses as misdemeanors. Proposition 47 also created a new statutory provision whereby a person who has completed serving a felony sentence for a reclassified offense can petition to have the offense designated a misdemeanor. (§ 1170.18, subd. (f).) Section 1170.18, subdivision (a) lists those offenses which potentially are eligible for reclassification as a misdemeanor; section 459 is not among them. Defendant has failed to meet his burden of proof under section 1170.18 of establishing eligibility. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007–1008.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The July 7, 2015, order denying defendant's section 1170.18 petition is affirmed.

4.