Filed 8/4/20
Opinion following transfer from Supreme Court

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEANNA TWILLA BARTON,<br><br>    Defendant and Appellant. | F076599<br><br>(Super. Ct. No. CRF46403)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

Linnéa M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Catherine Chatman, and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Deanna Twilla Barton (defendant) pleaded guilty to furnishing methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and maintaining a place for the sale of a

controlled substance (*id.*, § 11366).  (Undesignated statutory references are to the Health and Safety Code.)  For enhancement purposes, she admitted to having twice been convicted of violating section 11379.  As part of the plea agreement, defendant waived her appeal rights.  In return, additional charges were dismissed and she received a stipulated prison sentence of eight years eight months, which included a pair of three-year enhancements for the drug-related priors (see former § 11370.2, subd. (c)).

Defendant entered her plea on September 25, 2017.  She was sentenced on October 23, 2017.  In the interim, on October 11, 2017, Governor Brown approved Senate Bill No. 180 (2017–2018 Reg. Sess.) (Senate Bill 180), which went into effect on January 1, 2018.  The legislation amended section 11370.2 by eliminating its three-year enhancements for most drug-related prior convictions.

In an earlier opinion, we determined the waiver of appeal rights precluded defendant from challenging the legality of the stipulated sentence.  Defendant petitioned the California Supreme Court for review, the petition was granted, and the matter was transferred back to this court.  We have been instructed to reconsider the cause in light of Assembly Bill No. 1618 (2019–2020 Reg. Sess.) (Assembly Bill 1618), which added Penal Code section 1016.8.  As of January 1, 2020, "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments … that may retroactively apply after the date of the plea is void as against public policy."  (Pen. Code § 1016.8, subd. (b); see Stats. 2019, ch. 586.)

Relying on the "*Estrada* rule" (see *In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*)), defendant contends Senate Bill 180 is retroactive and thus invalidates the portion of her sentence imposed under former section 11370.2.  She alleges the proper remedy is to vacate the enhancements and leave the remainder of her plea agreement intact—except for the waiver of her appeal rights.  Defendant argues the waiver provision is void by retroactive application of Assembly Bill 1618.  The People concede Senate Bill 180 and Assembly Bill 1618 apply retroactively to this case, but they argue defendant's

2.

remedy is to be resentenced within the confines of the plea agreement. The People assume the trial court must strike the invalid enhancements but can impose any punishment allowable for the crimes to which defendant pleaded guilty.

We agree with the parties on the issues of retroactivity. However, as to remedy, we will follow the analytical approach this court used in *People v. Ellis* (2019) 43 Cal.App.5th 925, which recently received approval by the California Supreme Court in *People v. Stamps* (2020) 9 Cal.5th 685, 706–707 (*Stamps*). In *Stamps*, the court observed a trial court cannot alter the terms of a plea bargain by changing the length of a stipulated sentence without the parties' mutual consent. The *Stamps* opinion addressed the issue in a slightly different context, but we conclude its holding applies here. The trial court "'may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Id*. at p. 704, quoting Pen. Code, § 1192.5.) Furthermore, even if both parties assent to a modification, the trial court has "'near-plenary'" authority under Penal Code section 1192.5 to withdraw its approval of the agreement. (*Stamps*, at p. 708.)

The parties' proposed remedies contemplate unilateral changes to a material term of the plea agreement and impliedly disavow the trial court's ability to withdraw its approval of the same in light of changed circumstances. As explained herein, the proposals must be rejected unless the Legislature intended for Senate Bill 180 to override the strictures of Penal Code section 1192.5. The legislative history discloses no such intent.

By retroactive application of Senate Bill 180, certain terms of the plea agreement are no longer authorized by law. The parties can modify the agreement to eliminate the provisions involving former section 11370.2, which would be the functional equivalent of having the trial court strike the enhancements, but the court is not obligated to approve the agreement as so modified. The parties can also renegotiate the agreement, subject to the trial court's approval, or they can proceed to trial on reinstated charges. Therefore, we reverse the judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events occurring while defendant's son was incarcerated at the Sierra Conservation Center in Tuolumne County. Defendant was reportedly "involved in preparing cards laced with methamphetamine and then placing those cards into the US mail to be sent to the [prison]." On February 7, 2015, she was found in possession of methamphetamine and a "meth pipe" while attempting to visit her son. On the same date, law enforcement officers executed a search warrant at her residence and seized "over 240 grams of methamphetamine … plus a scale."

Defendant was charged with possession of methamphetamine in a prison facility (Pen. Code, § 4573.6; count I), conspiracy to send methamphetamine into a prison via mail (*id*., §§ 182, subd. (a)(1), 4573; count II), furnishing methamphetamine in violation of Health and Safety Code section 11379 (count III), maintaining a place for the sale of methamphetamine in violation of section 11366 (count IV), bringing a controlled substance and associated paraphernalia into a prison facility (Pen. Code, § 4573; count V), and furnishing methamphetamine to a person held in custody (*id*., § 4573.9; count VI). In relation to count III and for purposes of Health and Safety Code former section 11370.2, defendant was alleged to have suffered two prior convictions under section 11379. She was further alleged to have served a prior prison term. (Pen. Code, former § 667.5, subd. (b)).

In exchange for defendant's guilty plea as to counts III and IV, plus admission of the prior conviction allegations and a waiver of her appeal rights, the People agreed to dismiss all remaining charges and stipulate to a fixed prison sentence of eight years eight months. The trial court accepted the agreement and found defendant had knowingly and voluntarily entered her pleas and waived her rights. Defendant was sentenced to the specified prison term, which was calculated using the lower term of two years for count III, plus eight months for count IV, and two consecutive three-year enhancements under former section 11370.2, subdivision (c).

4.

Three weeks after she was sentenced, defendant filed a notice of appeal. By subsequent order of this court, a certificate of probable cause was deemed to have been timely filed. In *People v. Barton* (2019) 32 Cal.App.5th 1088 (*Barton I*), we dismissed the appeal based on defendant's waiver of her appellate rights.

In October 2019, while the case was pending before the California Supreme Court, the governor approved Assembly Bill 1618. (Stats. 2019, ch. 586.) Soon thereafter, the People moved to have the case transferred back to this court. On January 2, 2020, the California Supreme Court granted the motion and ordered the transfer, directing us to vacate *Barton I* and reconsider the cause in light of Assembly Bill 1618. At our request, the parties filed supplemental briefing on (1) the impact of Assembly Bill 1618 and (2) the appropriate remedy in the event of a remand based on retroactive application of Senate Bill 180.

## DISCUSSION

### Senate Bill 180

Senate Bill 180 eliminated the enhancement provisions upon which the bulk of defendant's sentence was based. (§ 11370.2, subd. (c); Stats. 2017, ch. 677, § 1.) In her words, the stipulated prison term was lawful when she executed the plea agreement, but it "became unauthorized after the sentencing." Since the new law took effect while her case was on appeal, defendant claims entitlement to its benefits.

Absent evidence to the contrary, it is presumed the Legislature intends for statutory amendments that reduce the punishment for a crime to apply retroactively in cases where the judgment is not final on the statute's operative date. (*People v. Brown* (2012) 54 Cal.4th 314, 323; *Estrada*, *supra*, 63 Cal.2d at p. 745.) "The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses." (*People v. Nasalga* (1996) 12 Cal.4th 784, 792.) Accordingly, and based on recent case law, we accept the People's concession that

5.

Senate Bill 180 applies retroactively in this case.  (*People v. McKenzie* (2020) 9 Cal.5th 40, 45-48, 51; *People v. Millan* (2018) 20 Cal.App.5th 450, 455–456.)

***Assembly Bill 1618***

Assembly Bill 1618 added section 1016.8 to the Penal Code.  (Stats. 2019, ch. 586, § 1.)  The statute codifies the holding of *Doe v. Harris* (2013) 57 Cal.4th 64, i.e., "that the circumstance 'the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them.'"  (*Stamps*, *supra*, 9 Cal.5th at p. 705, quoting Pen. Code, § 1016.8, subd. (a)(1).)  The statute further declares, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  (Pen. Code, § 1016.8, subd. (b).)

Penal Code section 1016.8 does not reduce the punishment for any particular crime, but the California Supreme Court has "applied the *Estrada* rule to statutes that merely made a reduced punishment *possible*."  (*People v. Frahs* (2020) 9 Cal.5th 618, 629.)  In *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299 (*Lara*), the inference of retroactivity was extended to legislation that "ameliorated the possible punishment for a class of persons."  (*Id*. at p. 308.)  The *Frahs* opinion says "that in order to rebut *Estrada*'s inference of retroactivity concerning ameliorative statutes, the Legislature must 'demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'"  (*Frahs*, at p. 634.)

Because it concerns ameliorative "benefits" to which a class of persons may be entitled, Penal Code section 1016.8 satisfies the criteria articulated in *Frahs* and *Lara*.  Neither the text of the statute nor the legislative history of Assembly Bill 1618 "clearly signal" the intent of "prospective-only application."  (*Frahs*, *supra*, 9 Cal.5th at pp. 631–632.)  Therefore, the law "applies retroactively to all cases not yet final on appeal."  (*Frahs*, at p. 632.)

We must now determine the enforceability of the waiver provision in defendant's plea agreement. According to the legislative history, the impetus for Assembly Bill 1618 was media coverage of the San Diego County District Attorney's use of the following provision in select plea bargains: "'This agreement waives all future potential benefits of any legislative actions or judicial decisions or other changes in the law that may occur after the date of this plea, whether or not such future changes are specifically designed to provide pre- or post-conviction relief to any convicted defendants, and whether or not they are intended to be retroactive.'" (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1618 (2019–2020 Reg. Sess.) July 1, 2019, p. 6 (hereafter, Sen. Com. on Public Safety).)

Assembly Bill 1618 was enacted primarily in response to *People v. Wright* (2019) 31 Cal.App.5th 749 (*Wright*), which involved facts similar to those in this case. The *Wright* appellant had argued his claim for retroactive application of Senate Bill 180 was cognizable despite the waiver of his appeal rights as part of a plea bargain, and the appellate court agreed. Despite the outcome, the Legislature was troubled by *Wright*'s indication "that a waiver like the one San Diego prosecutors [were] using, would be workable." (Sen. Com. on Public Safety, p. 6.) This was in reference to a statement in the opinion: "If parties to a plea agreement want to insulate the agreement from future changes in the law they should specify that the consequences of the plea will remain fixed despite amendments to the relevant law." (*Wright*, *supra*, at p. 756.) Penal Code section 1016.8 is intended to "make such provisions in a plea bargain void as against public policy." (Sen. Com. on Public Safety, p. 7.)

The legislative history materials also contain a lengthy discussion of *Barton I* and its conclusion defendant's waiver was valid and enforceable. (Sen. Com. on Public Safety, p. 5.) The relevant language in defendant's plea agreement is quoted: "'I understand that I will be waiving my right to appeal and I will not be able to appeal from this Court's sentence based on the plea that I enter into in this matter.'" (*Ibid.*)

7.

Penal Code section 1016.8, subdivision (a)(4) states: "A plea bargain that requires a defendant to generally waive *unknown* future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (Italics added.) Subdivision (b) of the statute omits the word "unknown" and says any "provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments … that may retroactively apply after the date of the plea is void as against public policy." Thus, it appears what matters is the wording of the parties' agreement and not a defendant's actual knowledge of potential, anticipated, or pending changes in the law.[1] Given the statutory language and legislative history of Assembly Bill 1618, we conclude defendant's blanket waiver of the right "to appeal from [the trial court's] sentence" does not preclude her from seeking retroactive application of Senate Bill 180.[2]

*Remedies*

"[T]he process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court.'" (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.) The agreement is a contract that is binding upon the parties and the trial court. (*Id.* at p. 930; *People v. Shelton* (2006) 37 Cal.4th 759, 767.) "However, there is an out for the trial court. The court may withdraw its initial approval of the plea at the time of sentencing …." (*People v. Silva* (2016) 247 Cal.App.4th 578, 587.)

Some plea agreements, like the one in this case, "specify the punishment to be imposed as a condition of the plea." (*People v. Brown* (1986) 177 Cal.App.3d 537, 548.) Such conditions are authorized by Penal Code section 1192.5. (*Stamps*, *supra*, 9 Cal.5th

---

[1]It is an unresolved question whether defendant knew or should have known of the then pending changes to section 11370.2. As discussed, defendant was sentenced nearly two weeks after Senate Bill 180 was approved by the Governor.

[2]In reaching this limited conclusion, we do not attempt to further discern the meaning of the phrase "generally waive future benefits" (as opposed to specifically waiving such benefits) and express no opinion regarding whether the outcome would be different had the waiver provision specifically addressed Senate Bill 180.

8.

at p. 700; *Brown*, at p. 548.)  The specified sentence is an "integral part" of the agreement, i.e., a material term of the contract.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 73, 77–78, 86; see *People v. Segura*, *supra*, 44 Cal.4th at p. 935 & fn. 10 [specified period of incarceration "clearly was a material term" of the parties' agreement].)

"'Both the accused and the People are entitled to the benefit of the plea bargain.'" (*People v. Woods* (2017) 12 Cal.App.5th 623, 630.)  Defendant has received the benefit of her bargain.  She has also demonstrated the applicability of Senate Bill 180, which invalidates a material term of the plea agreement.  We must determine the appropriate remedy.

Defendant argues this court "should use its power under Penal Code section 1260" to vacate the unauthorized enhancements, which would reduce her sentence by six years and leave the remainder of the plea agreement intact.  Her position is "based on the *Estrada* claim being an implied term of the plea agreement."  Pursuant to this rationale, she characterizes the proposed remedy as "a form of specific performance of the plea bargain."

Neither *Estrada* nor Assembly Bill 1618 dictate the appropriate remedy.  (*Stamps*, *supra*, 9 Cal.5th at p. 705.)  "The *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively.  It does not answer the question of *how* that statute should be applied."  (*Id*. at p. 700.)  Assembly Bill 1618 merely entitles defendant to assert the claim of sentencing error despite having waived her appeal rights. (See Pen. Code § 1016.8, subd. (b); Stats. 2019, ch. 586.)

When error is shown, Penal Code section 1260 gives appellate courts "the authority to select among several dispositions."  (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1254.)  Specific performance is an equitable remedy available in the context of a broken plea agreement, typically effectuated by "an order directing fulfillment of the bargain."  (*People v. Kaanehe* (1977) 19 Cal.3d 1, 13.)  Such relief is appropriate only "when it will implement the reasonable expectations of the parties

9.

without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 861; accord, *People v. Silva*, *supra*, 247 Cal.App.4th at p. 591.) "Moreover, specific performance is not an available remedy when the negotiated sentence is invalid or unauthorized." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1224.)

The parties' plea agreement is now unenforceable because Senate Bill 180 invalidated the enhancements upon which nearly 70 percent of the stipulated sentence is based. (See *In re Williams* (2000) 83 Cal.App.4th 936, 944 ["A plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced"].) "Even if a defendant, the prosecutor and the court agree on a sentence, the court cannot give effect to it if it is not authorized by law. [Citation.] Thus, this is not the kind of situation which would entitle defendant to specific performance of the plea bargain [citations]." (*People v. Jackson* (1981) 121 Cal.App.3d 862, 869; accord, *People v. Harvey* (1980) 112 Cal.App.3d 132, 139 ["in computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law"].)

Defendant's request for "specific performance" is essentially a request for this court to alter the plea agreement and modify the judgment accordingly. Defendant is opposed to having the case remanded, perhaps because Penal Code section 1192.5 would apply to any further proceedings. "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea." (*Ibid*.) This means the trial court "lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." (*People v. Cardoza* (1984) 161 Cal.App.3d 40, 45, fn. 4; accord, *Stamps*, *supra*, 9 Cal.5th at p. 701; *People v. Segura*, *supra*, 44 Cal.4th at p. 931.)

We are not persuaded that modifying the judgment is the proper remedy. Penal Code section 1260 authorizes us to "remand the cause to the trial court for such further proceedings as may be just under the circumstances," which we believe is the appropriate course of action. However, we disagree with the People's position regarding what must or may occur on remand.

The People argue the trial court must strike the invalid enhancements and "may conduct a full resentencing on counts [III] and [IV] under the normal rules for felony sentencing." Had defendant been sentenced pursuant to an open plea,[3] the People would be correct. Ordinarily, "[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893 [explaining "the 'full resentencing rule'"].)

The full resentencing rule does not apply here because the parties' plea agreement specifies the punishment to be imposed. (See *Stamps*, *supra*, 9 Cal.5th at p. 700.) As discussed, the trial court "may not proceed as to the plea other than as specified in the plea." (Pen. Code, § 1192.5.) "'Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.'" (*People v. Segura*, *supra*, 44 Cal.4th at p. 931.) In light of the *Stamps* decision, we conclude the scope of the trial court's authority on remand depends on the legislative intent behind Senate Bill 180.

In *Stamps*, the appellant's plea agreement specified a nine-year prison sentence that included a five-year prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)). (*Stamps*, *supra*, 9 Cal.5th at pp. 692–693.) "While his appeal was pending, a new law went into effect permitting the trial court to strike a serious felony enhancement

---

[3] "An open plea is 'a plea unconditioned upon receipt of a particular sentence or other exercise of the court's powers.'" (*People v. Conerly* (2009) 176 Cal.App.4th 240, 245, fn. 1, quoting *People v. Hoffard* (1995) 10 Cal.4th 1170, 1181.)

11.

in furtherance of justice (Pen. Code, § 1385, subd. (a)), which it was not previously authorized to do." (*Id*. at. p. 692.)  The change in the law resulted from Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).  The appellate court determined Senate Bill 1393 applied retroactively and fashioned a remedy closely resembling the one proposed by the People in this case.[4]

Despite agreeing with the retroactivity analysis, the California Supreme Court reversed the appellate court's decision.  The justices unanimously rejected the notion of the trial court being able to strike the enhancement "in contravention of a plea bargain for a specified term." (*Stamps*, *supra*, 9 Cal.5th at p. 700.)  The Court of Appeal's remedy and the appellant's more restrictive proposal (allowing the enhancement to be stricken without otherwise disturbing the plea agreement) were held untenable absent a legislative intent to override "long-standing law [that] limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Id*. at p. 701.)

The *Stamps* appellant argued "'the Legislature's intent in enacting [Senate Bill] 1393 was to reduce prison overcrowding, save money, and achieve a more just, individualized sentencing scheme.'" (*Stamps*, *supra*, 9 Cal.5th at p. 702.)  None of those goals were viewed as demonstrative of an intent for the amended sentencing law to supersede Penal Code section 1192.5's "mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Stamps*, at p. 704.)  In reaching that conclusion, *Stamps* distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*).

In *Harris*, the appellant had pleaded guilty to felony grand theft with a prior in exchange for a stipulated prison sentence of six years.  (*Harris*, *supra*, 1 Cal.5th at pp.

---

[4]The disposition included a remand, "permitting the trial court to exercise its discretion whether to strike the enhancement." (*Stamps*, *supra*, 9 Cal.5th at p. 693.)  "The Court of Appeal concluded:  '… If the trial court strikes the enhancement, it shall resentence defendant.  In selecting an appropriate sentence, the court retains its full sentencing discretion except that it may not impose a term in excess of the negotiated nine years without providing defendant the opportunity to withdraw his plea.…'" (*Ibid.*, fn. 3.)

987–989.) "After passage of Proposition 47, which 'reduced certain nonviolent crimes, including the grand theft from the person conviction in this case, from felonies to misdemeanors' (*Harris*, at p. 988), [the appellant] petitioned to have his theft conviction resentenced as a misdemeanor. [Citation.] The People argued the reduction violated the plea agreement and sought to withdraw from the bargain. *Harris* rejected the claim: 'Critical to this question is the intent behind Proposition 47.'" (*Stamps*, *supra*, 9 Cal.5th at p. 702.) *Harris* concluded Proposition 47's resentencing mechanism "would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner." (*Harris*, *supra*, at p. 992.) Such outcomes would "frustrate electoral intent" by "essentially denying meaningful relief to those convicted through plea bargains." (*Stamps*, *supra*, 9 Cal.5th at p. 704.)

> "Unlike in *Harris*, … to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have [Penal Code] section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement. That Senate Bill 1393 is silent regarding pleas and provides no express mechanism for relief undercuts any suggestion that the Legislature intended to create special rules for plea cases involving serious felony enhancements." (*Stamps*, *supra*, 9 Cal.5th at p. 704.)

Harmonizing Penal Code section 1192.5 and Senate Bill 1393, *Stamps* concluded the appropriate remedy is to allow appellants "to seek the [trial] court's exercise of its [Penal Code] section 1385 discretion." (*Stamps*, *supra*, 9 Cal.5th at p. 707.) "However, if the court is inclined to exercise its discretion, … the court is not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain." (*Ibid*.) Rather than actually striking the enhancement, the trial court should advise the parties of its position and/or withdraw its approval of the plea agreement. (*Id*. at p. 708.) "If the court indicates an inclination to exercise its discretion …, the prosecution may, of course, agree to modify the bargain to

reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement ….'" (*Id*. at p. 707, quoting *People v. Kim* (2011) 193 Cal.App.4th 1355, 1362.)

Guided by the analysis in *Stamps*, we have examined the legislative history of Senate Bill 180. The pertinent material is summarized in *People v. McKenzie*, *supra*, 9 Cal.5th at page 51:

> "According to that legislative history, the 'sentence enhancement for prior drug convictions' was an 'extreme punishment' that had 'failed to' achieve its goals—'protect[ing] communities [and] reduc[ing] the availability of drugs'—while having the following negative effects: (1) producing 'overcrowded jails and prisons'; (2) "'funneling money away from community-based programs and services'" in order to "'build[] new jails to imprison more people with long sentences,'" thus 'crippl[ing] state and local budgets'; and (3) "'devastat[ing] low-income communities of color'" and "'target[ing] the poorest and most marginalized people in our communities.'" (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 180 (2017–2018 Reg. Sess.) June 27, 2017, p. 4.) Repeal of the enhancement was therefore "'urgently needed'" in order "'to undo the damage'" the enhancement had caused, to 'free[]' up funds for 'reinvest[ment] in community programs that actually improve the quality of life and reduce crime,' and to "'reduce racial disparities in the criminal justice system.'"" (*Ibid*.)

Our conclusion with regard to Senate Bill 180 is the same as the California Supreme Court expressed in *Stamps* with regard to Senate Bill 1393: "The Legislature may have intended to modify the sentencing scheme, but the legislative history does *not* demonstrate any intent to overturn existing law regarding a court's lack of authority to unilaterally modify a plea agreement. Indeed, none of the legislative history materials mention plea agreements *at all*." (*Stamps*, *supra*, 9 Cal.5th at p. 702.) The fact Senate Bill 180 "is silent regarding pleas and provides no express mechanism for relief undercuts any suggestion that the Legislature intended to create special rules for plea cases" involving prior conviction enhancements under former section 11370.2. (*Stamps*,

14.

at p. 704.) Therefore, on remand, the parties and the trial court must abide by Penal Code section 1192.5.

To summarize, Senate Bill 180 applies retroactively such that the sentence upon which defendant's plea was conditioned is now unauthorized. Consequently, the parties' plea agreement is unenforceable and the trial court cannot approve of the agreement in its current form. (See Pen. Code, § 1192.5; *In re Williams*, *supra*, 83 Cal.App.4th at p. 945 ["the trial court cannot approve a plea bargain that calls for an unlawful sentence"]; *People v. Jackson*, *supra*, 121 Cal.App.3d at p. 869 [same].) Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court """must restore the parties to the status quo ante.""" (*Stamps*, *supra*, 9 Cal.5th at p. 707; see *People v. Aragon* (1992) 11 Cal.App.4th 749, 756–757 ["When a guilty plea is invalidated the parties are generally restored to the positions they occupied before the plea bargain was entered"].) The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges.

## DISPOSITION

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

PEÑA, J.

WE CONCUR:

LEVY, Acting P.J.

MEEHAN, J.