AARON, J.
*452 I.
INTRODUCTION AND PROCEDURAL BACKGROUND
After a magistrate denied his motion to suppress, and the trial court denied his renewed motion to suppress, Oscar Millan pled guilty to one count of transporting methamphetamine ( Health & Saf. Code, § 11379, subd. (a) ; count 1), admitted having suffered four prior drug-related convictions *649 within the meaning of Health and Safety Code section 11370.2, subdivision (c),[1] and admitted having suffered four prison priors ( Pen. Code, §§ 667.5, subd. (b), 668 ).[2] The trial court sentenced Millan to a 10-year split sentence, consisting of five years in local custody, followed by five years of mandatory supervision. The court imposed an upper term of four years on the substantive offense and imposed consecutive three-year terms on two of the four Health and Safety Code section 11370.2, subdivision (c) enhancements. The court struck the punishment on the remaining two Health and Safety Code section 11370.2, subdivision (c) enhancements and on all four prison prior enhancements. The court also ordered Millan to pay various charges and fines.
On appeal, Millan's primary contention is that the trial court erred in denying his motion to suppress. Millan argues that the trial court should have granted the motion to suppress because law enforcement agents conducted a warrantless search of his rental car without probable cause and the People failed to prove that an exception to the Fourth Amendment's warrant requirement applied. Millan also contends that the trial court erred in imposing penalty assessments on a drug program charge ( Health & Saf. Code, § 11372.7, subd. (a) ) and a lab analysis charge ( id. , § 11372.5, subd. (a) ) and that this court should reduce the trial court's imposition of a $3,000 restitution fine ( Pen. Code, § 1202.4, subd. (a) ) and a $3,000 parole revocation restitution fine (id. , § 1202.45) to $300 each in accordance with the trial court's purported intention to impose the minimum possible fines that the court could legally impose.
In our initial opinion in this matter, we concluded that the trial court did not err in denying the motion to suppress because there is substantial *453 evidence in the record that Millan implicitly consented to the search at issue. We further concluded that the trial court did not err in imposing penalty assessments on the drug program charge and the lab analysis charge and that there is no basis for reducing the restitution or parole revocation restitution fines. In the unpublished portions of this opinion, we restate those conclusions.
In a petition for rehearing, Millan requests that we grant rehearing and remand the matter to the trial court with directions to strike the enhancements imposed pursuant to Health and Safety Code section 11370.2, subdivision (c). Millan argues that his prior drug-related convictions no longer constitute qualifying convictions under Health and Safety Code section 11370.2, subdivision (c), due to a change in the law effective January 1, 2018, and that the change in the law applies retroactively to him pursuant to In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 ( Estrada ) and its progeny. In an answer to the petition for rehearing, the People "agree [ ] with [Millan]," and acknowledge that "[a] change in the law eliminates a sentencing enhancement under which [Millan] received an additional six years of custody." The People argue that we should grant rehearing and modify our opinion to remand the matter to the trial court for resentencing.
*650 After the People filed their answer, we granted rehearing. Upon rehearing, in the published portion of this opinion, we conclude that Millan's sentence must be reversed and the matter remanded to the trial court with directions to strike the Health and Safety Code section 11370.2, subdivision (c) enhancements and to resentence Millan.
II.
FACTUAL BACKGROUND
At the change of plea hearing, Millan admitted that he "unlawfully transported controlled substances for the purpose of sales"[3] and that the controlled substance was methamphetamine.
III.
DISCUSSION
A.-C.**
*454 D. Due to a change in the law, Millan's sentence must be reversed and the matter remanded to the trial court with directions to strike the enhancements imposed under Health and Safety Code section 11370.2, subdivision (c) and to resentence Millan
In a petition for rehearing, Millan argues that his sentence must be reversed because his prior convictions for violations of Health and Safety Code sections 11379 and 11378 no longer constitute qualifying convictions under Health and Safety Code section 11370.2, subdivision (c) due to an amendment to that statute that applies retroactively to him pursuant to Estrada . In an answer, the People acknowledge that the amendment to Health and Safety Code section 11370.2, effective January 1, 2018, would apply to Millan pursuant to Estrada and that his current sentence would be unauthorized as of that date.[12]
1. The amendment to Health and Safety Code section 11370.2
Former Health and Safety Code section 11370.2, subdivision (c) provided in relevant part:
"Any person convicted of a violation of, or of a conspiracy to violate, Section ... 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378 , 11378.5, 11379 , 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment." (Italics added.)
Senate Bill 180, effective January 1, 2018, removes a number of prior convictions from the list of prior convictions that qualify a defendant for the imposition of an enhancement under section 11370.2, subdivision (c). Among those convictions that no longer serve to qualify a defendant for an enhancement under Health and Safety Code section 11370.2, subdivision (c) are convictions for violations of *651 Health and Safety Code sections 11379 and section 11378.
Health and Safety Code section 11370.2, subdivision (c) currently provides:
"Any person convicted of a violation of, or of a conspiracy to violate, [Health and Safety Code] Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other *455 punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11380, whether or not the prior conviction resulted in a term of imprisonment." (Stats. 2017, ch. 677 (S.B. 180) § 1, eff. Jan 1, 2018.)
2. Estrada
In Estrada , supra , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, the California Supreme Court created a limited exception to the ordinary rule that statutes apply prospectively, as follows:
"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." ( Id. at p. 745, 48 Cal.Rptr. 172, 408 P.2d 948.)
"The rule in Estrada has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses." ( People v. Nasalga (1996) 12 Cal.4th 784, 792, 50 Cal.Rptr.2d 88, 910 P.2d 1380 ; see, e.g., People v. Figueroa (1993) 20 Cal.App.4th 65, 69-71, 24 Cal.Rptr.2d 368 [drug trafficking enhancement].)
"A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari [with the United States Supreme Court] have expired." ( People v. Smith (2015) 234 Cal.App.4th 1460, 1465, 185 Cal.Rptr.3d 68.)
3. Application
We agree with the parties that Estrada applies in this case and that the recent amendment to Health and Safety Code section 11370, subdivision (c) requires the reversal of Millan's sentence.[13] It is undisputed that the amendment to Health and Safety Code section 11370, subdivision (c) lessens punishment for a person such as Millan whose prior convictions no longer qualify for the three-year *456 Health and Safety Code section 11370, subdivision c) enhancement. Rather than being subjected to a three-year enhancement for each prior conviction, such persons are no longer subject to any enhanced punishment pursuant to the amended statute. It is also undisputed that Millan's case is pending on appeal, and is thus not yet final. Accordingly, Estrada applies, and requires reversal of Millan's *652 sentence. On remand, the trial court is directed to strike the Health and Safety Code section 11370.2, subdivision (c) enhancements and to resentence Millan.
IV.
DISPOSITION
Millan's sentence is reversed and the matter is remanded to the trial court with directions to strike the Health and Safety Code section 11370.2, subdivision (c) enhancements and to resentence Millan. In all other respects, the judgment is affirmed.
WE CONCUR:
HALLER, Acting P. J.
DATO, J.
Certified for Partial Publication.*

Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III.A, III.B, and III.C.

As discussed below, the Legislature recently amended Health and Safety Code section 11370.2, subdivision (c) to narrow the list of prior offenses that qualify a defendant for an enhancement under this provision. (Stats. 2017, ch. 677 (S.B. 180) § 1.) We address the effect of this amendment on Millan's sentence in the text below.

Unless otherwise specified, all subsequent statutory references are to the Penal Code.

Because there was no trial in this case, we recite the factual basis for Millan's guilty plea. We discuss the facts related to Millan's motions to suppress in part III.A, post .

See footnote *, ante .

After the People filed their answer, we issued an order granting rehearing and permitting the parties to file further supplemental briefs and to request oral argument. Neither party has filed an additional brief or requested oral argument.

(See People v. Zabala (2018) 19 Cal.App.5th 335, 338, 227 Cal.Rptr.3d 878 ["vacat[ing] the trial court's imposition of a three-year sentencing enhancement under Health and Safety Code former section 11370.2, subdivision (c), in light of the newly enacted version of that statute effective January 1, 2018"].)