Filed 1/25/19

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D073038 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN362585) |
| JUSTIN MICHAEL WRIGHT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos R. Armour, Judge. Motion to dismiss denied; affirmed and remanded for resentencing.

Linnea M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

In exchange for a stipulated 11-year sentence and the dismissal of other counts, Justin Michael Wright pleaded guilty to transporting a controlled substance (Health &

Saf. Code,[1] § 11352, subd. (a)). He also admitted having a strike prior and one prior conviction for a violation of section 11351.5, thereby triggering the imposition of a three-year enhancement under section 11370.2, subdivision (a). In a written plea agreement, Wright waived his right to appeal, including among other things, "any sentence stipulated herein." The court sentenced Wright to the stipulated 11-year prison term, which consisted of the four-year midterm doubled for the strike prior, plus a three-year enhancement under 11370.2, subdivision (a). At the time of Wright's sentencing, section 11370.2, subdivision (a) required "in addition to any other punishment authorized by law" a "full, separate and consecutive" three-year term if a defendant was convicted of violating section 11352 and had suffered a previous conviction for various drug offenses, including section 11351.5. (Stats. 1998, ch. 936, § 1, p. 6846.)

In October 2017 the Governor signed Senate Bill No. 180, which amended section 11370.2, effective January 1, 2018, to limit the scope of the enhancement to apply only to prior convictions for a violation of section 11380.[2] (*People v. Millan* (2018) 20 Cal.App.5th 450, 454; Stats. 2017, ch. 677, § 1, p. 5031.) The *Millan* court held that amended section 11370.2 applies retroactively to actions in which the judgment is not final. (*Millan*, at p. 455; *In re Estrada* (1965) 63 Cal.2d 740, 748 ["[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" so long

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] We grant Wright's unopposed request to take judicial notice of legislative history materials for amended section 11370.2. (Evid. Code, § 452, subd. (c).)

as the amended statute takes effect before the judgment of conviction becomes final.].)

Thus, as of January 1, 2018, the three-year enhancement imposed on Wright's sentence would be unauthorized.

Acting in propria persona, Wright timely appealed. When Wright obtained appellate counsel, counsel sought leave to file an amended notice of appeal and seek a certificate of probable cause. Wright indicated that he intended to argue on appeal that amended section 11370.2 applied retroactively. He asserted that a certificate of probable cause was not required because retroactive application of this change in the law does not affect the validity of his plea, citing *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*). In *Harris*, the California Supreme Court quoted *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*) which declared the general rule that all plea bargains are deemed to "contemplate and incorporate" subsequent changes in the law. (*Harris*, at p. 990; *Doe,* at p. 66.) Nonetheless, Wright requested a certificate of probable cause in an abundance of caution. The trial court granted Wright's unopposed request.

Wright contends that the ameliorative provision of amended section 11370.2 applies retroactively because his case is not yet final, and we should vacate the now inapplicable three-year enhancement, arguing that there is no need to remand the matter to the trial court for resentencing. The People moved to dismiss the appeal, arguing that: (1) Wright's failure to timely seek a certificate of probable cause precludes appellate review of his sentence, and (2) Wright waived his right to appeal because the enhancement was part of a negotiated plea. The People concede that if we deny the motion to dismiss and reach the merits of Wright's appeal that the enhancement imposed

under section 11370.2 must be stricken and that the matter should be remanded with orders to strike the enhancement and resentence Wright.

We granted Wright's unopposed motion to deem the certificate of probable cause operative for purposes of appeal. This order moots the People's contention that the appeal should be dismissed for lack of a certificate of probable cause, and we do not address the merits of this issue. The remaining question is whether a defendant's waiver of the right to appeal a stipulated sentence applies to a future sentencing error based on a change in the law of which the defendant is unaware at the time the plea is entered.

As we shall explain, we conclude that Wright did not waive the right to appeal future sentencing error based on a change in the law of which he was unaware at the time he entered his plea. Accordingly, we deny the motion to dismiss the appeal, affirm Wright's conviction, but reverse the sentence and remand the matter to the trial court with directions to strike the section 11370.2, subdivision (a) enhancement and resentence Wright accordingly.

DISCUSSION

Relying on *People v. Panizzon* (1996) 13 Cal.4th 68 (*Panizzon*), the People contend that this appeal must be dismissed because the enhancement was part of a negotiated plea where Wright stipulated to an 11-year prison sentence and expressly waived his right to appeal "any sentence stipulated herein." Accordingly, the People assert that the parties contemplated, at the time Wright entered his guilty plea, that the waiver would apply to future error, including error with respect to the length of his

4

sentence. Wright disagrees, arguing that his waiver of the right to appeal did not apply to a future sentencing error of which he was unaware at the time he entered the plea.

"[A] 'negotiated plea agreement is a form of contract,' [and] it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties . . . must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931 (*Segura*).) Although the trial court retains inherent sentencing discretion, it must impose a sentence within the bounds of the plea agreement. (*Id.* at p. 931.)

A plea bargain may include the waiver of the right to appeal. (*Panizzon*, *supra*, 13 Cal.4th at p. 80.) "Waivers may be manifested either orally or in writing." (*Ibid.*) " '[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived. [Citations.]' [Citation.] It ' "[i]s the intelligent relinquishment of a known right after knowledge of the facts." [Citation.]' [Citation.] The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. [Citation.] The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662.)

In *Panizzon*, *supra*, 13 Cal.4th 68, the defendant received a written advisement of his appellate rights and agreed, in writing, to waive his right to appeal the sentence. (*Id.*

at pp. 82, 85-86.) Defendant subsequently appealed, "identifying the claim that his sentence was disproportionate to the sentences imposed upon his codefendants and thereby violative of the federal and state constitutional prohibitions against cruel and unusual punishment." (*Id.* at p. 74.) Our high court held that defendant's claim fell within the scope of the appellate waiver and was not reviewable on appeal. (*Id.* at p. 89.) The court explained: "Not only did the plea agreement in this case specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence. Thus, what defendant seeks here is appellate review of an integral element of the negotiated plea agreement, as opposed to a matter left open or unaddressed by the deal." (*Id.* at pp. 85-86.) The *Panizzon* court rejected defendant's characterization of the issue on appeal as an " 'unforeseen or unknown error' . . . because the sentence imposed by the court was neither unforeseen nor unknown at the time defendant executed the Waiver and Plea agreement' " (*id.* at p. 86) and stated "the real thrust of defendant's claim concerns events predating entry of the plea and waiver." (*Ibid.*)

"[A] waiver that is nonspecific, e.g., 'I waive my appeal rights' or 'I waive my right to appeal any ruling in this case,' " is considered a general waiver. (*Panizzon*, *supra*, at p. 85, fn. 11.) "A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.] Thus, a waiver of appeal rights does not apply to ' "possible future error"

[that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' " (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815.)

The People argue that *Panizzon*, *supra*, 13 Cal.4th 68 is controlling because the plea agreement contains a specific waiver of the right to appeal the stipulated sentence, not a general waiver. Wright disagrees, arguing that the People failed to acknowledge *Doe*, *supra*, 57 Cal.4th 64 (decided after *Panizzon*), or reconcile existing case law. We agree with Wright.

Although the parties and the trial court may not unilaterally alter the terms of a plea bargain (*Segura*, *supra*, 44 Cal.4th at pp. 930-931), the *Doe* court concluded that subsequent statutory enactments or amendments may alter the terms of the plea bargain. The *Doe* court held that "the general rule in California is that a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." ' " (*Doe*, *supra*, 57 Cal.4th at p. 73.) "It follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Id.* at pp. 73-74; *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889, fn. 10 [" 'requiring the parties'

7

compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement' "].)

Here, nothing in Wright's plea agreement provided or implied that it would be unaffected by subsequent changes in the law. (See *Doe*, *supra*, 57 Cal.4th at pp. 71, 73-74 [parties to a plea agreement may expressly or impliedly agree the plea agreement will be unaffected by subsequent changes in the law].) "[P]rosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Id.* at p. 71.) Moreover, unlike *Panizzon*, where the defendant's claim "concern[ed] events predating entry of the plea and waiver" (*Panizzon*, *supra*, 13 Cal.4th at p. 86), Wright's waiver of his right to appeal his stipulated sentence cannot be construed as applying to a sentencing error of which he had no notice when he signed the plea agreement. Nothing in the record suggests that the parties considered or addressed the possibility that future legislation might abolish the required three-year enhancement for Wright's prior felony drug conviction.

Accordingly, under *Doe*, the "plea agreement's reference to a statutory consequence attending a conviction, even when coupled with prosecutorial and judicial silence on the possibility the Legislature might amend the statute, does not give rise to an implied promise that [Wright], by pleading guilty . . . , [would] be unaffected by a change in the law." (*Doe*, *supra*, 57 Cal.4th at p. 73.) If parties to a plea agreement want to insulate the agreement from future changes in the law they should specify that the consequences of the plea will remain fixed despite amendments to the relevant law.

8

Because amended section 11370.2 rendered the conduct to which Wright admitted no longer punishable as an enhancement, the three-year enhancement must be stricken. On remand the trial court is to resentence Wright in accordance with the applicable statutes and rules, provided that the aggregate term does not exceed the stipulated sentence. (*People v. Calderon* (1993) 20 Cal.App.4th 82, 88 ["[i]t is perfectly proper for [the appellate] court to remand for a complete resentencing after finding an error with respect to part of a sentence"]; *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 [remand for resentencing proper where original sentence contained unauthorized enhancement].)

## DISPOSITION

The People's motion to dismiss is denied. Wright's sentence is vacated and the matter is remanded to the trial court with directions to strike the Health and Safety Code section 11370.2, subdivision (a) enhancement and resentence Wright. The clerk of the court shall prepare an amended abstract of judgment to reflect the stricken enhancement and additional changes made at resentencing, if any, and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:


O'ROURKE, J.


GUERRERO, J.

9