Filed 9/4/20  P. v. Hubbard CA3
(opinion on rehearing)

NOTTOBEPUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C085620 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13F6066, 16F3752) |
| v. | |
| GINA ELIZABETH HUBBARD, | |
| Defendant and Appellant. | |

Following a negotiated plea agreement, defendant Gina Elizabeth Hubbard was convicted of possessing methamphetamine and found in violation of a previously imposed probation.  Pursuant to the terms of her plea agreement, defendant was sentenced to a split sentence of seven years eight months.  On appeal, defendant contends the trial court erred in denying her motion to suppress evidence.  She further contends her prior conviction for transporting methamphetamine was void and thus the sentence imposed in this matter is unlawful.  She claims in the alternative that she received

1

ineffective assistance of counsel because her trial counsel failed to challenge the prior conviction and erroneously advised her to admit violating her probation.

As to her search claim, we conclude there was no error. Of her remaining claims, only one is cognizable on appeal without a certificate of probable cause, the rest are not.

BACKGROUND

In October 2013, in Shasta County Superior Court case No. 13F6066 (case No. 066), defendant pleaded guilty to transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)),[1] with the allegation she was transporting for purposes of sale stricken from the information, and admitted to a prior narcotics conviction (§ 11370.2, subd. (c)). The trial court suspended imposition of sentence and placed defendant on three years' formal probation.

On May 12, 2016, Shasta County Sheriff's Deputy Gregory Ketel stopped defendant while she was driving a motorcycle on Highway 44 in Shasta County. Defendant told Deputy Ketel she was on searchable probation. Deputy Ketel searched defendant and found .069 grams of methamphetamine and a methamphetamine pipe in her pocket. He also found multiple bags of methamphetamine (one weighing .83 grams and the rest weighing a combined total of approximately 13 grams) and another glass pipe in her backpack, as well as bottles of alcohol in the motorcycle's "saddle bags."

In Shasta County Superior Court case No. 16F3752 (case No. 752), the People charged defendant with possession of methamphetamine for sale (§ 11378) and transportation of methamphetamine (§ 11379, subd. (a)). To both charges, the People appended allegations that defendant was previously convicted of possession for sale and possession for sale or transportation (§ 11370.2). The People further alleged defendant was ineligible for probation as a result of these prior convictions.

---

[1] Undesignated statutory references are to the Health and Safety Code.

2

Defendant moved to suppress evidence pursuant to Penal Code section 1538.5. According to Deputy Ketel's testimony at the hearing on her motion, on May 12, 2016, at approximately 8:00 p.m., he was on routine patrol in Shasta County. He was driving on Highway 44 and came upon two cars trailing behind defendant, who was driving a motorcycle. Defendant was driving approximately 15 miles per hour below the posted speed limit of 65 miles per hour. In addition to the two cars ahead of Deputy Ketel and directly behind defendant, two other cars were behind Deputy Ketel. The lighting at that time was "good" and the road "pretty straight." Based on his experience and training, these factors led Deputy Ketel to suspect defendant was under the influence of drugs or alcohol. He continued behind the two vehicles and defendant for approximately two miles.

When defendant exited Highway 44, Deputy Ketel followed. He then activated his overhead lights to initiate a vehicle stop. Defendant pulled over; she told Deputy Ketel she was on searchable probation, and he found the illegal narcotics.

Defendant negotiated a plea agreement to resolve both pending cases. In case No. 752, defendant pleaded no contest to possession of a controlled substance and admitted to one prior narcotics conviction; she agreed to serve eight months for the possession conviction and three years for the sentencing enhancement. Defendant also admitted to violating her probation in case No. 066 and agreed to serve four years for that conviction. In sum, defendant agreed to a split sentence totaling seven years eight months: one year in county jail and six years eight months on mandatory supervision. The court sentenced defendant in accordance with the terms of her plea agreement.

DISCUSSION

## A. *Motion to Suppress*

Defendant moved to suppress all evidence seized as a result of the traffic stop initiated by Deputy Ketel and now contends the trial court erred in denying her motion.

3

She argues the traffic stop was unreasonable under the Fourth Amendment to the United States Constitution and therefore all evidence seized as a result of that stop should have been suppressed. We conclude there was no error.

"[A] police officer can legally stop a motorist *only* if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or some other law." (*People v. Miranda* (1993) 17 Cal.App.4th 917, 926.) The " 'possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed, the principal function of his investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal—to "enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges." ' " (*People v. Leyba* (1981) 29 Cal.3d 591, 599.)

"When discussing how reviewing courts should make reasonable-suspicion determinations, [the United States Supreme Court has] repeatedly said they must look at the 'totality of the circumstances' of each case to see whether the officer has 'a particularized and objective basis' for suspecting legal wrongdoing." (*United States v. Arvizu* (2002) 534 U.S. 266, 273 [151 L.Ed.2d 740].)

We review the court's denial of defendant's suppression motion under the following well-established standard: "We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362; accord, *People v. Leyba, supra*, 29 Cal.3d at pp. 596-597; *People v. Lawler* (1973) 9 Cal.3d 156, 160.)

Here, Deputy Ketel stopped defendant's vehicle because she was driving 15 miles per hour under the posted speed limit, on a relatively straight road that was well-lit. She continued at that slow speed for two miles, with at least five cars trailing behind her,

4

including Deputy Ketel. Based on his training and experience, driving slowly without any obvious explanation, Deputy Ketel suspected defendant may have been driving under the influence of drugs or alcohol. This was a reasonable conclusion. (See *People v. Gibson* (1963) 220 Cal.App.2d 15, 20 [that a driver proceeds at a speed slower than the speed limit under circumstances where he or she might normally proceed at the higher speed is a factor that justifies an officer's investigation].)

We find no error.

### B. *Certificate of Probable Cause*

On appeal, defendant argued that her conviction for transportation of methamphetamine in case No. 066 is void following the 2013 amendments to section 11379, which clarified that transporting methamphetamine for personal use was not a crime. (See Assem. Conc. Sen. Amends. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013.) Accordingly, she argued, the agreed-upon sentence is unauthorized. We agreed with the People that defendant was required to obtain a certificate of probable cause to raise this claim on appeal.

Defendant petitioned for rehearing and asked this court to strike the prior drug offense enhancement included in her stipulated prison term pursuant to Senate Bill No. 180 (2017-2018 Reg. Sess.) and terminate the probation on her 2013 conviction for drug transportation based on changes in the law. She argued no certificate of probable cause was needed to raise these claims. We granted rehearing to address the certificate of probable cause issue.

In a recent decision, our Supreme Court ruled that even when a defendant has stipulated to a particular sentence, if he or she "seeks relief because the law subsequently changed to his [or her] potential benefit," that defendant is not required to obtain a certificate of probable cause. (*People v. Stamps* (2020) 9 Cal.5th 685, 698 (*Stamps*).)

On the other hand, the court affirmed that "when the parties reach an agreement in the context of existing law, a claim that seeks to avoid a term of the agreement, as made,

5

is an attack on the plea itself," and a certificate of probable cause is required. (*Stamps, supra*, 9 Cal.5th at p. 695.)

### 1.    *Senate Bill No. 180*

Here, defendant admitted to being previously convicted of section 11379 and, as part of her negotiated plea, agreed to be sentenced to an additional three years as a result of that conduct under former section 11370.2, subdivision (c).  Subsequent to her plea, the Legislature enacted Senate Bill No. 180, which removed sentencing enhancements based upon prior violations of other drug statutes, including the statute defendant was previously convicted under.  (Stats. 2017, ch. 677, § 1; *People v. Millan* (2018) 20 Cal.App.5th 450, 454-455; *People v. Camba* (1996) 50 Cal.App.4th 857, 865-866 [absent an urgency clause, new legislation is operative January 1 of the year following enactment].)

Defendant, therefore, is seeking "relief because the law subsequently changed to [her] potential benefit."  (*Stamps, supra*, 9 Cal.5th at p. 698.)  Accordingly, no certificate of probable cause is required to consider her claim relative to Senate Bill No. 180.[2] (*Stamps*, at p. 698.)

The People properly concede defendant is entitled to the benefit of the change to section 11370.2.  Furthermore, because Senate Bill No. 180 "rendered the conduct to which [defendant] admitted no longer punishable as an enhancement, the three-year enhancement must be stricken.  On remand the trial court is to resentence [defendant] in accordance with the applicable statutes and rules, provided the aggregate term does not

---

[2]  Our decision here is limited to circumstances where either the Legislature or the electorate eliminate a crime or enhancement, thereby rendering a stipulated sentence invalid or unauthorized.  We do not consider circumstances such as those presented in *People v. Hurlic*  (2018) 25 Cal.App.5th 50 (*Hurlic*) and *People v. Fox* (2019) 34 Cal.App.5th 1124, review granted July 31, 2019, S256298, where the courts considered the impact of statutory amendments that give trial courts newfound sentencing discretion, on a stipulated sentence.

exceed the stipulated sentence.  [Citations.]"  (*People v. Wright* (2019) 31 Cal.App.5th 749, 756, superseded by statute on another ground as stated in *People v. Barton* (2020) 52 Cal.App.5th 1145, 1153.)

### 2. *Health and Safety Code section 11379*

Defendant also contends her conviction for transportation of methamphetamine in case No. 066 is void following the 2013 amendments to section 11379, which clarified that transporting methamphetamine for personal use was not a crime.  (See Assem. Conc. Sen. Amends. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013.)[3]  Accordingly, she contends, the agreed upon sentence is unauthorized and she asks us to terminate her probation.  Relying on *People v. Baldivia* (2018) 28 Cal.App.5th 1071 and *Hurlic, supra*, 25 Cal.App.5th 50, defendant argues she is not required to obtain a certificate of probable cause to challenge her conviction in case No. 066.  We disagree.

Here, defendant seeks to benefit from a change in the law that occurred three years *before* she negotiated her plea agreement in case No. 752.  (See Assem. Conc. Sen. Amends. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013.)  In short, she is seeking to avoid a term of her plea agreement that was reached under the law as it existed at the time of her plea negotiations.  Such a claim is an attack on the plea itself and requires a certificate of probable cause on appeal.  (*Stamps, supra*, 9 Cal.5th at p. 695.)

---

[3]  "[Assembly Bill No.] 721 would clarify the Legislature's intent to only apply felony drug transportation charges to individuals involved in drug trafficking or sales. Currently, an ambiguity in state law allows prosecutors to charge drug users—who are not in any way involved in drug trafficking—with TWO crimes for simply being in possession of drugs.  . . .  [P]rosecutors are using this wide interpretation to prosecute individuals who are in possession of drugs for only personal use, and who are not in any way involved in a drug trafficking enterprise.  [¶]  This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. . . ." (Assem. Conc. Sen. Amends. to Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013, p. 2.)

C.     *Leave to Amend Prior Request*

On rehearing defendant also asks for leave to amend her "prior request for a certificate [of probable cause] based on new grounds discovered after this Court ordered the record prepared in case No. 13F6066."  Her request is denied.

## DISPOSITION

The true finding on the section 11370.2, subdivision (c) enhancement is reversed, and the matter is remanded to the trial court for resentencing.  The judgment is affirmed in all other respects.   Upon resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy of the same to the appropriate department.


                                         /s/
                                    RAYE, P. J.



We concur:



    /s/
MAURO, J.



    /s/
RENNER, J.



8