Filed 9/18/20  P. v. Lujan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANGEL EDDIE LUJAN,<br><br>        Defendant and Appellant. | E072895<br><br>(Super.Ct.Nos. RIF1506133<br>& RIF1701526)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2017, while being held in county jail awaiting trial on charges of attempted premeditated and deliberate murder, aggravated mayhem, and assault with means of force likely to produce great bodily injury, defendant and appellant Angel Eddie Lujan was charged with knowing possession of methamphetamine while in jail, a violation of Penal Code section 4573.6.[1]  A jury convicted him of assault with force likely to cause great bodily injury with a great bodily injury enhancement.  Thereafter, he pled guilty to the possession charge and admitted a prison prior stemming from a child cruelty conviction.  The plea was contingent on his sentence running concurrent with the term imposed on the assault conviction.

The court sentenced defendant to seven years in prison on the assault and great bodily injury enhancement with concurrent sentences for the methamphetamine possession (three years) and the prior prison term enhancement (one year).  The court's orders also included reference to completing counseling and educational programs and encouragement that defendant take advantage of programs offered for substance abuse.  Defendant filed a notice of appeal.

**DISCUSSION**

On appeal, defendant argues (i) the prior prison term should be stricken, and (ii) the court lacked authority to require him to complete counseling and education programs.  We will affirm with directions to strike the prior prison term and to correct the

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

sentencing minute order to reflect a recommendation that defendant participate in a counseling or education program with a substance abuse component.

### 1. The prior prison term

Defendant argues he should benefit from the amendment to subdivision (b) of section 667.5, which limits prior prison term enhancements to specific sexually violent offenses. The People concede the point, and we agree.

When defendant was sentenced in May 2019, the trial court was required to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free from custody for at least five years. (Pen. Code, former § 667.5, subd. (b).) Senate Bill No. 136 amended that provision to limit the enhancement to prior prison terms resulting from convictions for sexually violent offenses as defined by section 6600 of the Welfare and Institutions Code. The amendment became effective January 1, 2020. (Stats. 2019, ch. 590, § 1.)

A new or amended statute that reduces the punishment for an offense will, absent evidence to the contrary, apply retroactively to any case in which the judgment is not yet final on the statute's operative date. (*In re Estrada* (1965) 63 Cal.2d 740, 742, 744-745; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195-1196, disapproved on other grounds as stated in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) For the purposes of the *Estrada* rule, a judgment is not final so long as courts are able to provide a remedy on

direct review, including the time within which to petition the United States Supreme Court for writ of certiorari. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1336.)

Here, defendant's sentence included a one-year enhancement for a prior prison term that did not involve a sexually violent offense. This appeal from the judgment was not final before January 1, 2020, and the parties have the right to further review by other courts even after our opinion becomes final. Defendant is, therefore, entitled to benefit from the ameliorative effect of Senate Bill No. 136's amendment to subdivision (b) of section 667.5. Accordingly, we will order the trial court to strike the prior prison enhancement.

When a newly amended statute provides for reduction of punishment for an offense in cases not yet final, the usual remedy is to vacate the sentence and remand the matter with instructions to strike the enhancements and to resentence defendant in light of the new provision so long as the new sentence is not for a term in excess of the original. (See *People v. Wright* (2019) 31 Cal.App.5th 749, 756-757.) The People suggest that, in this case, it will serve no useful purpose to order defendant to be resentenced as a result of striking the prison prior because his sentence for the methamphetamine possession and the prison prior run concurrently with the seven-year sentence imposed for the assault and related great bodily injury enhancement.

We agree that striking the enhancement will not have an impact on the time defendant is required to serve. The more important consideration, however, is that defendant's sentence, including the term for the enhancement, was part of a plea

agreement.  Where, as here, the Legislature entirely eliminates the application of an enhancement, the trial court may not reconsider other specific agreements contained in the plea when it strikes the enhancement.  (*People v. Matthews* (2020) 47 Cal.App.5th 857, 866-869.)

2.  The educational and counseling programs

Defendant posits the court erred by directing him to complete programs while in prison because it is authorized by statute only to recommend, not to order, participation in programs.

If a defendant with a history of substance abuse is convicted of a felony and sentenced to state prison, the trial court is required *to recommend* in writing that he or she participate in a counseling or education program with a substance abuse component while imprisoned.  (§ 1203.096.)

When making its sentencing orders in this case, the trial court noted defendant's issues with substance abuse issues over the years and, without indicating whether the statement was precatory or directive, it orally pronounced, "successfully complete counseling, educational programs as directed by CDCR," adding it "would encourage" defendant to "take advantage of any substance abuse issues [*sic*], particularly alcohol." The minute order and the abstract of judgment provide, "[d]efendant to participate in a counseling or educational program having a substance abuse component through the Div of Adult Institutions (PC 1203.096)."

5

The People point to the language in the oral pronouncement that the court "encourages" defendant to participate in substance abuse programs and the reference in the minutes and abstract of judgment to section 1203.096 as establishing the language was merely a recommendation and, therefore, not error. We are not persuaded. The character of the oral pronouncement is not clear. The written statement, "[d]efendant to participate," is directive. The fact that a parenthetical reference to section 1203.096 is tagged onto the end of the statement does not necessarily signal that defendant's participation is voluntary even if the reader is aware that the statute requires the court to recommend a defendant to participate in a program. Accordingly, we will order amendment of the sentencing minutes and abstract of judgment to reflect with certainty that the court recommends, not requires, defendant to participate in a counseling or educational program having a substance abuse component while he is incarcerated.

**DISPOSITION**

The matter is remanded with instructions to: (1) amend the May 24, 2019 sentencing minute order nunc pro tunc to change the program participation language to read: The court recommends defendant participate in a counseling or educational program having a substance abuse component through the Div. of Adult Institutions (PC 1203.096); and (2) strike the one-year prior prison term and leave the remainder of the sentences imposed under the plea agreement intact.

Following amendment of the sentencing minute order and striking the prior prison term, trial court is directed to prepare an amended abstract of judgment and to forward a

6

copy of the new abstract of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

WE CONCUR:


MILLER
J.


SLOUGH
J.

7