Filed 10/23/20  P. v. Needham CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EUGENE LEROY NEEDHAM,<br><br>Defendant and Appellant. | C087234<br><br>(Super. Ct. Nos. 16NCR11306, 17CF00217) |

Defendant Eugene Leroy Needham pleaded no contest in Butte County to possessing methamphetamine for sale and identity theft, and admitted two enhancements for prior narcotics-related convictions under Health and Safety Code section 11370.2.[1] He was sentenced to nine years eight months in prison, which included two three-year

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

terms for the prior convictions; he did not appeal the judgment and it became final in May 2017.

A year later, in March 2018, he pleaded no contest in Glenn County to reckless driving with the intent to evade law enforcement. At the resentencing hearing in both cases under Penal Code section 1170.1, the trial court denied defendant's request to strike the enhancements for the prior narcotics-related convictions under the newly enacted Senate Bill No. 180 (Senate Bill 180), which narrowed the crimes to which the three-year enhancement applies. He was resentenced in both cases to an aggregate term of 10 years four months, and appealed without a certificate of probable cause.

Defendant now contends on appeal that each of the three-year terms imposed for his prior narcotics-related convictions in the Butte County case must be stricken because under section 11370.2 as amended by Senate Bill 180, his underlying convictions no longer qualify for the enhancements. He also argues that the trial court failed to properly calculate and award custody credits in both cases.

We disagree with defendant's first contention, but agree the court erred in awarding credits. Accordingly, we shall reverse and remand the matter to the Glenn County trial court to calculate the appropriate amount of credit to which defendant is entitled in both cases.

BACKGROUND

In July 2016, law enforcement attempted to pull over defendant's car in Glenn County for incomplete registration. Defendant fled and evaded police. After being arrested, defendant was in possession of $3,217, drugs, drug paraphernalia, and counterfeit bills.

In August 2016, defendant was charged in Glenn County case No. 16NCR11306 (the Glenn County case) with two counts of transporting narcotics (§ 11379, subd. (a)), two counts of possession of narcotics for sale (§ 11378), transportation of marijuana (§ 11360, subd. (a)), possession of marijuana for sale (§ 11359), and reckless driving with

2

the intent to evade law enforcement (Veh. Code, § 2800.2, subd. (a)). Five enhancements for a prior narcotics-related conviction were alleged under section 11370.2, subdivision (c).

In January 2017, defendant attempted to cash a fraudulent check at a business in Butte County. At the time, he was in possession of a stolen check, methamphetamine, unused Ziploc baggies, a digital scale, and $600. He was charged in Butte County case No. 17CF00217 (the Butte County case) with possession of methamphetamine for sale (§ 11378), identity theft (Pen. Code, § 530.5, subd. (a)), and forgery relating to identity theft (Pen. Code, § 470). The information also alleged seven enhancements for a prior conviction of a controlled substance (§ 11370.2, subd. (c)), an on-bail enhancement (Pen. Code, § 12022.1), and five prior prison terms (Pen. Code, § 667.5, subd. (b)).

In March 2017, defendant pleaded no contest to the drug possession and identity theft offenses in the Butte County case and admitted two prior narcotics-related convictions in exchange for a stipulated term in county prison of nine years eight months and dismissal of the remaining charges and enhancements. At the plea hearing, defense counsel explained that in addition to pleading to the above charges in the Butte County case, defendant agreed that immediately after being sentenced to county prison, he would file a demand under Penal Code section 1381 to be transferred to Glenn County, where he agreed to plead guilty to the reckless evasion charge with the understanding that he would be sentenced to state prison.

On March 16, 2017, the Butte County Superior Court sentenced defendant to the stipulated county prison term of nine years eight months, including the upper term of three years for the drug possession offense, plus a consecutive six years for the prior narcotics-related convictions (three years for each prior), plus eight months (one-third the midterm) for the forgery offense. He was awarded 128 days of presentence custody and conduct credits. Nothing in the record indicates defendant appealed the judgment in the Butte County case.

3

The following year, in March 2018, defendant pleaded guilty to the reckless driving with the intent to evade law enforcement offense in the Glenn County case. The remaining charges were dismissed on the prosecutor's motion.

On April 13, 2018, the Glenn County Superior Court sentenced defendant under Penal Code section 1170.1 in both cases. During the sentencing hearing, defense counsel requested that the court strike the two three-year terms previously imposed in the Butte County case for the enhancements for the two prior narcotics-related convictions defendant admitted as part of his plea. Counsel argued that because section 11370.2 had since been amended, the enhancements were no longer valid under the new law (presumably referring to Senate Bill 180). Defense counsel requested that the court impose a three-year eight-month term in the Butte County case with a consecutive eight months in the Glenn County case.

The prosecutor objected, arguing that the Butte County case was final and not subject to the recent change in the law. Citing Penal Code section 1170.1, the court stated that it must "[accept] the prior Court's decisions in this matter as to the charges and the enhancements," and that it had no jurisdiction to strike the enhancements.

After denying defendant's request to strike the prior narcotics-related enhancements, the court again sentenced defendant in the Butte County case to the upper term of three years in county prison for the drug possession offense plus three years each for the two prior narcotics-related convictions, plus eight months (one-third the midterm) for the forgery offense. The court imposed a consecutive eight months (one-third the midterm) for the reckless driving with the intent to evade offense in the Glenn County case. Defendant's aggregate sentence was 10 years four months. He was awarded eight days of credit.

Defendant appealed. The trial court denied defendant's request for a certificate of probable cause, which raised the issue of whether Senate Bill 180 mandated that the court strike the prior narcotics-related enhancements.

## DISCUSSION

### I

*Senate Bill 180*

Defendant argues that he is entitled to the retroactive benefit of Senate Bill 180, as it pertains to his Butte County judgment because he was "re-sentenced" in both cases by the Glenn County Superior Court. He thus contends that the Glenn County Superior Court had the authority and jurisdiction to strike the two three-year section 11370.2 enhancements imposed by the trial court in the Butte County case due to the change in the law following Senate Bill 180's passage. We disagree.

Effective January 1, 2018, Senate Bill 180 "narrows and limits the scope of section 11370.2 enhancements only to prior convictions for sales of narcotics involving a minor in violation of section 11380." (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1213 (*McKenzie*), rev. granted Nov. 20, 2018, S251333; see also Stats. 2017, ch. 677, § 1.) Senate Bill 180 thus abolished the former section 11370.2, subdivision (c) sentence enhancements for prior drug offenses that did not involve use of a minor. (*McKenzie*, at p. 1213.)

"If [an] amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies." (*In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*).) *Estrada* retroactivity is dependent on the date of final judgment. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308 ["The *Estrada* rule . . . distinguish[es] only as necessary between sentences that are final and sentences that are not"]; *People v. Conley* (2016) 63 Cal.4th 646, 657.)

Here, Senate Bill 180 applies retroactively to cases in which the judgment was not yet final on its operative date because it vitiates the punishment for an entire class of persons who no longer qualify. (*McKenzie, supra*, 25 Cal.App.5th at p. 1213.) But nothing in Senate Bill 180 suggests that it was intended to apply to judgments that *had*

5

*become final* before its effective date.  (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700 ["Had the Legislature intended that Senate Bill 180 should be applied to those whose criminal convictions had become final, it could easily have said so"; it did not]; compare *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 [Pen. Code, § "1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion"].)  The issue, then, is whether the Butte County judgment was final for *Estrada* purposes when the court resentenced defendant in both cases.[2]

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.)  The sentence in a criminal case *is* the judgment.  (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625 [" 'A

---

[2]     Our Supreme Court in *People v. McKenzie* (2020) 9 Cal.5th 40, 43 recently found that an order suspending imposition of sentence and granting probation was not final for *Estrada* purposes thus entitling the defendant there to the ameliorative benefit of Senate Bill 180 after probation was revoked.  Here, by contrast, imposition of defendant's Butte County sentence was not suspended and he was not placed on probation; instead, the Butte County court imposed and executed defendant's prison sentence, which he did not appeal.  The Supreme Court's decision in *People v. McKenzie* thus does not dictate a particular result here.

The Supreme Court has also recently granted review in *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082, and *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted August 26, 2020, S263375, which raise the issues of whether a defendant's resentencing pursuant to Penal Code section 1170, subdivision (d)(1) or after his sentence is vacated following habeas and resentencing proceedings "reopens" the finality of his sentence, such that he is entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 (regarding juvenile transfer hearings and direct filing in adult criminal court) on an otherwise long-final conviction.  (*Federico*, at p. 321 [finding judgment remained final even though resentenced pursuant to § 1170, subd. (d)(1) and that the defendant was not entitled to ameliorative benefit based on subsequent change in law]; *Padilla*, at pp. 246-248 [because the defendant's original sentence was vacated following habeas and resentencing proceedings, he was entitled to ameliorative benefit of intervening law].)  Unlike in *Federico* and *Padilla*, defendant's Butte County sentence here was never recalled as unauthorized under section 1170, subdivision (d)(1) or vacated following a habeas proceeding.

"sentence" is the judgment in a criminal action [citations]; it is the declaration to the defendant of his disposition or punishment once his criminal guilt has been ascertained' "].)

"A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired." (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1465.) Under California Rules of Court, rule 8.308(a),[3] a judgment will become final if the defendant does not appeal within 60 days.

Here, during the March 2017 sentencing hearing in the Butte County case, the trial court sentenced defendant to a stipulated county prison term of nine years eight months, which included two three-year prior narcotics-related conviction enhancements under section 11370.2, subdivision (c). Nothing in the record before us indicates that defendant filed a notice of appeal from the Butte County judgment within the 60-day window thereafter. Thus, the Butte County judgment became final 60 days later, or in May 2017. (See rule 8.308(a).)

Because defendant's Butte County judgment was *final* when Senate Bill 180 went into effect, he was not entitled to the retroactive benefit of Senate Bill 180 as it pertains to the Butte County judgment when he was resentenced in both cases in April 2018. The Glenn County Superior Court simply consolidated the two sentences to reflect the combined sentences as though they were all counts in the same case as required by Penal Code section 1170.1 and rule 4.452.

Penal Code section 1170.1, subdivision (a) provides in part: "Except as otherwise provided by law, and subject to [Penal Code] Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different

---

[3]     Undesignated rule references are to the California Rules of Court.

court, and a consecutive term of imprisonment is imposed under [Penal Code] Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [Penal Code] Section 12022.1."

Rule 4.452 provides in relevant part: "(a) If a determinate sentence is imposed under [Penal Code] section 1170.1[, subdivision] (a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in [Penal Code] section 1170.1[, subdivision] (a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case. [¶] (2) The judge in the current case must make a new determination of which count, in the combined cases, represents the principal term, as defined in [Penal Code] section 1170.1[, subdivision] (a). The principal term is the term with the greatest punishment imposed including conduct enhancements. If two terms of imprisonment have the same punishment, either term may be selected as the principal term. [¶] (3) Discretionary decisions of the judges in the previous cases may not be changed by the judge in the current case. Such decisions include the decision to impose one of the three authorized terms of imprisonment referred to in [Penal Code] section 1170[, subdivision] (b), making counts in prior cases concurrent with or consecutive to each other, *or the decision that circumstances in mitigation or in the furtherance of justice justified striking the punishment for an enhancement*. However, if a previously designated principal term becomes a subordinate term after the resentencing, the subordinate term will be limited to one-third the middle base term as provided in [Penal Code] section 1170.1[, subdivision] (a)." (Italics added.)

Nothing in Penal Code section 1170.1 or rule 4.452 indicates that the long-final Butte County sentence was somehow "revived" and available for modification other than for purposes of delineating principal and subordinate terms in relation to the new Glenn County case. (Pen. Code, § 1170.1; rule 4.452.) The Glenn County court had no jurisdiction to strike the two prior drug conviction enhancements previously imposed in the Butte County case.

This conclusion is further buttressed by the fact that the first sentencing court (Butte County) originally had discretion to strike the drug enhancements (Pen. Code, § 1385) but instead accepted the parties' plea deal that included the two three-year drug-related enhancements.[4] (See, e.g., *People v. Millan* (2018) 20 Cal.App.5th 450, 452 [noting the trial court struck the punishment on two § 11370.2, subd. (c) prior drug-related enhancements].)[5] The court essentially exercised its discretion to impose the enhancements pursuant to the plea bargain rather than refuse to approve the deal in order to later strike them under Penal Code section 1385. That discretionary choice could not

---

[4] We recognize that a trial court may not unilaterally alter the terms of a plea bargain. (*People v. Stamps* (2020) 9 Cal.5th 685, 701.)

[5] Penal Code former section 1170.1, subdivision (h) (Stats. 1988, ch. 1484, § 3) provided: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in . . . Section 11370.2 . . . of the Health and Safety Code, if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." Although that provision was later repealed, the court in *People v. Herrera* (1998) 67 Cal.App.4th 987, 992 explained that the Legislature did not intend to alter a trial court's discretion to strike the listed enhancements such as section 11370.2: " 'In repealing subdivision (h) of [Penal Code s]ection 1170.1, which permitted the court to strike the punishment for certain listed enhancements [including Health and Safety Code section 11370.2], it is not the intent of the Legislature to alter the existing authority and discretion of the court to strike those enhancements or to strike the additional punishment for those enhancements pursuant to [Penal Code s]ection 1385, except insofar as that authority is limited by other provisions of the law.' (Stats. 1997, ch. 750, § 9.)"

be changed in the subsequent sentencing once the Butte County judgment became final. (Rule 4.452.)

A leading California treatise on sentencing, moreover, notes, that "[w]ith one exception, [under Penal Code section 1170.1] the earlier sentencing structure must be maintained in the last sentencing. . . . *The authority of the last sentencing judge is limited to determining whether the charges in the last case are to run consecutively to or concurrently with the prior cases.* Depending on the length of the terms in the current case and the sentence actually imposed in the prior cases, the court may be able to establish one of the counts in the current case as the principal term. [¶] Since there will be only one principal term, all other terms must be subordinate consecutive or concurrent. If a former principal term is made a consecutive subordinate term in the resentencing, it generally will be limited by the 'one-third the midterm' rule of [Penal Code] section 1170.1[, subdivision] (a)" by operation of law. (Couzens, Bigelow & Prickett, Sentencing California Crimes (The Rutter Group Sept. 2020 update) § 14.3, italics added.) While the last sentencing court may change what offense constitutes the principal term, that does not mean that he or she is free to disregard or otherwise choose not to impose a term of the prior sentence that was already final before the last sentencing court acts.

Defendant's judgment in the Butte County case became final in May 2017, as he never appealed the imposed and executed sentence. (See rule 8.308(a).) We see nothing in either Penal Code section 1170.1, subdivision (a) or rule 4.452 that changes that finality or otherwise "revives" that final judgment for purposes of applying Senate Bill 180.[6]

---

[6]    Given this conclusion, we need not address the People's alternative arguments for why defendant was not entitled to relief under Senate Bill 180.

## II

### *Custody Credits*

Defendant further argues—and the People concede—that the trial court erred in failing to award him any credit for the time he served in custody after he was originally sentenced in the Butte County case and before he was resentenced in Glenn County for both cases under Penal Code section 1170.1.  We agree.

As noted above, rule 4.452 provides:  "If a determinate sentence is imposed under [Penal Code] section 1170.1[, subdivision] (a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in [Penal Code] section 1170.1[, subdivision] (a), stating the result of combining the previous and current sentences."  In accordance with that rule, when a trial court resentences under Penal Code section 1170.1, subdivision (a), it must calculate the credits for the earlier case.  (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1126; *People v. Lacebal* (1991) 233 Cal.App.3d 1061, 1065-1066; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012-1013 [the sentencing court is required to determine both the presentence custody credits and also the actual days the defendant served in prison custody on the earlier case when imposing consolidated sentences under rule 4.452].)

Under Penal Code section 2900.5, when a defendant has been in custody for a felony conviction, including any time spent in a jail or prison, he is entitled to credit on his term of imprisonment for all days of custody.  (Pen. Code, § 2900.5, subd. (a).)  And Penal Code section 2900.1 provides:  "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently . . . modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

11

Here, the Glenn County court failed to make the required calculation of credits in both cases when it resentenced defendant in April 2018. The court awarded defendant four actual days and four conduct days in the Glenn County case, and then failed to determine his credits in the earlier Butte County case, instead noting that "his credits have already been established in the Butte County case. And I will make the same findings as to his credits in the Butte County Case."

As the sentencing court, the Glenn County trial court was required to calculate credits in both cases, including any time defendant spent in custody in the Butte County case. Because the record is not clear on the time defendant spent in custody after being sentenced in the Butte County case, we shall remand the matter back to the trial court to recalculate defendant's credit to ensure he receives the credits to which he is entitled based on relevant information obtained from the probation departments.[7]

---

[7] According to the Butte County probation report, defendant was in custody from January 12, 2017, until he was sentenced in the matter on March 16, 2017, for a total of 64 days of actual presentence credit (plus 64 days of conduct credit). While the People argue that defendant was "apparently" in custody from March 16, 2017 to April 13, 2018—totaling 393 days—the Glenn County probation report states that defendant was arrested on a warrant on October 31, 2017, and booked into the Glenn County jail on that date. The Glenn County report also references "number of days in jail at time of hearing on Report of Probation Officer and/or sentencing" as "169 actual days," and then "days applied to Butte County Case Number 17CF00217 10/30/17-4/13/18" as "165 actual days."

DISPOSITION

We reverse and remand this matter back to the Glenn County Superior Court with directions to recalculate defendant's credits to include custody credits reflective of the actual time defendant served in prison on the nine-year eight-month sentence imposed in the Butte County case before being resentenced in both cases.  The Glenn County Superior Court is further directed to prepare an amended abstract of judgment reflecting the total credits awarded and forward a copy to the Department of Corrections and Rehabilitation.


                                                            /s/
                                                    BLEASE, J.



We concur:


        /s/
RAYE, P. J.


        /s/
DUARTE, J.

13